**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000286**
**17-JUN-2022**
**08:07 AM**
**Dkt. 40 SO**

NO. CAAP-21-0000286

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BRANDI M.P. MARTS, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-20-692189)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

Defendant-Appellant Brandi M.P. Marts (**Marts**) appeals from the District Court of the Second Circuit, Wailuku Division's (**district court**), March 31, 2021 Judgment and Notice of Entry of Judgment,[1] convicting her of Excessive Speeding, in violation of Hawaii Revised Statutes (**HRS**) § 291C-105(a)(1) (2020).[2] Marts contends Plaintiff-Appellee State of Hawaiʻi (**State**) failed to lay sufficient foundation to introduce the speed-reading because it failed to demonstrate that the citing officer met the manufacturer's training requirements to operate the speed-measuring device (**Device**) or that the Device was properly tested,

---

[1] The Honorable Michelle L. Drewyer presided.

[2] HRS § 291C-105(a) provides, in relevant part: "(a) No person shall drive a motor vehicle at a speed exceeding . . . [t]he applicable state or county speed limit by thirty miles per hour or more[.]"

and that without the speed reading, no substantial evidence supports the conviction.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Marts's arguments as follows, and affirm.

The trial court has discretion to determine whether a proper foundation is established, and we will not disturb such a determination absent an abuse of discretion. State v. Assaye, 121 Hawaiʻi 204, 210, 216 P.3d 1227, 1233 (2009). To lay the foundation to introduce a speed reading, the State must demonstrate that (1) the accuracy of the device was tested according to procedures recommended by the manufacturer (**Testing Prong**), and that (2) "the nature and extent of an officer's training in the operation" of the device met "the requirements indicated by the manufacturer" (**Training Prong**). Id. at 213, 215, 216 P.3d at 1236, 1238 (footnote omitted). To satisfy the Testing Prong, the State must establish the manufacturer's recommended procedures to verify the accuracy of the device and that the citing officer observed those procedures. State v. Gonzalez, 128 Hawaiʻi 314, 325, 288 P.3d 788, 799 (2012). To satisfy the Training Prong, the State "must establish both (1) the [training] requirements indicated by the manufacturer, and (2) the training actually received by the operator." Id. at 327, 288 P.3d at 801.

(1) Regarding the Testing Prong, Maui Police Department Officer Marlon Madariaga (**Officer Madariaga**) testified that, per his training from the manufacturer, the recommended testing

procedures include a visual inspection, self-test, display test, scope alignment test, and delta distance test (**Delta Test**), and on the day he cited Marts, he performed all tests as he was trained to do, and that the Device passed. Though Officer Madariaga used set points of 140 and 100 feet to conduct the Delta Test, and the training manual recommends using set points of 175 and 150 feet, he testified that the manual also allows for the points to be shortened or modified, and that his use of 140 and 100 feet set points conformed to both the manual's instructions and to his training. Thus, the record contains evidence of the manufacturer's recommended testing procedures and supports a finding that the Device successfully passed the tests on the day of the citation. Id. at 325, 288 P.3d at 799.[3]

(2) Regarding the Training Prong, Officer Madariaga testified that Roosevelt Rogers (**Rogers**), an employee of the Device manufacturer, LTI, trained Officer Madariaga to test and operate the Device; Officer Madariaga received, reviewed, and used LTI's manual during the training, and the training conformed with the manual and it met LTI's requirements for testing and operating the Device; and upon completion of the training, Rogers certified Officer Madariaga to use and test the Device. Officer Madariaga's testimony sufficiently establishes the manufacturer's training requirements for testing and operating the Device and

---

[3] Marts waived her argument that the State failed to admit the Device's manual into evidence. See State v. Long, 98 Hawai‘i 348, 353, 48 P.3d 595, 600 (2002) ("[A] 'lack of foundation' objection generally is insufficient to preserve foundational issues for appeal because such an objection does not advise the trial court of the problems with the foundation."). Moreover, the rules of evidence do not apply to preliminary foundational questions. See, e.g., State v. Rezentes, 139 Hawai‘i 263, 388 P.3d 51, No. CAAP-15-0000294, 2016 WL 6330390, at *2 (App. Oct. 28, 2016) (SDO); State v. Mattos, 147 Hawai‘i 147, 464 P.3d 935, CAAP-18-0000479, 2020 WL 3224109, at *1 (App. June 15, 2020) (SDO).

3

shows that Officer Madariaga completed the training and was certified to test and operate the Device.

Accordingly, the district court did not abuse its discretion in determining that the State laid proper foundation to admit the speed reading.  Assaye, 121 Hawaiʻi at 210, 216 P.3d at 1233.  THEREFORE, we affirm the district court's March 31, 2021 Judgment and Notice of Entry of Judgment.

DATED:  Honolulu, Hawaiʻi, June 17, 2022.

| On the briefs: | /s/ Keith K. Hiraoka |
| | Presiding Judge |
| Ashlyn L. Whitbeck, | |
| Deputy Public Defender, | /s/ Clyde J. Wadsworth |
| for Defendant-Appellant. | Associate Judge |
| | |
| Richard B. Rost, | /s/ Sonja M.P. McCullen |
| Deputy Prosecuting Attorney, | Associate Judge |
| County of Maui, | |
| for Plaintiff-Appellee. | |

4